UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-14-MOC
(3:11-cr-2-MOC-1)

| | |
|---|---|
| GIRAUD HOPE, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____) | **ORDER** |

**THIS MATTER** is before the Court on initial review of Petitioner's pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. No. 1.)

**I.     RELEVANT BACKGROUND**

On February 9, 2011, Petitioner pled guilty in federal district court, pursuant to a plea agreement, to one count of conspiracy to commit health-care fraud, in violation of 18 U.S.C. § 1349. See Plea, United States v. Hope, 3:11-cr-2-MOC-1 (W.D.N.C. entered Feb. 2, 2011) (Doc. No. 8). Despite the fact that the advisory guidelines provided a range of between 37 and 46 months, the Court sentenced Petitioner to 15 months in prison followed by a term of supervised release. See Judgment, 3:11-cr-2-MOC-1 (Doc. No. 15). Judgment was entered on November 3, 2011. Petitioner did not enter a direct appeal.

After successfully completing the term of imprisonment, Petitioner began serving the supervised release portion of his sentence, but was brought before the Court on a violation of the terms of supervised release. On October 14, 2014, the Court entered a Judgment for Revocation of Supervised Release, imposing a sentence of nine months in prison, followed by 24 months of

1

supervised release.  See SRV Judgment, 3:11-cr-2-MOC-1 (Doc. No. 28).  Petitioner did not appeal the Judgment.

On September 2, 2015, Petitioner filed a pro se Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, challenging his 2011 Judgment for conspiracy to commit health-care fraud.  Motion to Vacate, Hope v. United States, 3:15-cv-408-MOC (N.C.W.D. filed Sept. 2, 2015) (Doc. No. 1).  On January 5, 2016, the Court entered an Order dismissing the Motion to Vacate as untimely.  See Order Dismiss Mot. to Vacate, 3:15-cv-408-MOC (Doc. No. 12).  On May 23, 2016, the Fourth Circuit Court of Appeals entered an unpublished opinion dismissing Petitioner's appeal of this Court's Order.  See United States v. Hope, 639 F. App'x 961 (4th Cir.) (Mem), cert. denied, 137 S. Ct. 408 (2016) (Mem).

Petitioner filed the instant § 2255 Motion to Vacate, Set Aside, or Correct Sentence onn January 12, 2017.  Petitioner again challenges only his 2011 Judgment for conspiracy to commit health-care fraud.  (Doc. No. 1.)

## II.     STANDARD OF REVIEW

The Court is guided by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which directs district courts to examine habeas motions promptly.  Rule 4(b), 28 U.S.C.A. foll. § 2255.  When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the court must dismiss the motion.  Id.

## III.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 provides for an express limitation on a prisoner's ability to attack his criminal judgment in successive collateral

proceedings.  See 28 U.S.C. § 2244.  A district court lacks jurisdiction to consider a second or successive motion filed under § 2255 unless the motion has been certified in advance by a panel of the appropriate circuit court of appeals.  See § 2255(h).

Petitioner has not provided evidence that a panel of the Fourth Circuit Court of Appeals has authorized him to file a successive motion attacking his 2011 Judgment.  See §§ 2244 and 2255.  Thus, this Court lacks jurisdiction to consider Petitioner's § 2255 motion, and it must be dismissed.  See United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** as an unauthorized successive § 2255 motion; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 18, 2017



Max O. Cogburn Jr
United States District Judge